AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT

for the

DISTRICT OF FLORIDA

FILED 2021 MAY 17 AM 11:57 CLERK, US DISTRICT COURT MIDDLE DISTRICT OF FLORIDA

# 51198037
Mark E. Lomax
*Petitioner*

v.

Brian M. Antonelli, Warden
*Respondent*
*(name of warden or authorized person having custody of petitioner)*

Case No. 5:21-cv-268CEM-PRL
*(Supplied by Clerk of Court)*

**PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

**Personal Information**

1. (a) Your full name: Mark Elliott Lomax, Sr.
   (b) Other names you have used: Mark Lomax
2. Place of confinement:
   (a) Name of institution: Federal Correctional Complex - USP1
   (b) Address: P.O. Box 1033, Coleman, Florida 33521
   (c) Your identification number: # 51198037
3. Are you currently being held on orders by:
   ☑ Federal authorities ☐ State authorities ☐ Other - explain:
4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☑ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
   (a) Name and location of court that sentenced you: U.S. District Court Balto. MD - 101 W. Lombard St., Balto. MD 21201
   (b) Docket number of criminal case: SAG-1-10-Cr.0145-001
   (c) Date of sentencing: November 08, 2011
   ☐ Being held on an immigration charge
   ☐ Other *(explain)*:

## Decision or Action You Are Challenging

5. What are you challenging in this petition:

☑ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☐ Pretrial detention

☐ Immigration detention

☐ Detainer

☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☐ Disciplinary proceedings

☐ Other *(explain)*:

6. Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court: B.O.P./General Counsel, 320 First Street, N.W., Washington, D.C. 20534

(b) Docket number, case number, or opinion number: 1016422-A1

(c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*: General Counsel has failed to respond.

(d) Date of the decision or action: March 03, 2021 60 days has lapsed since I appealed

## Your Earlier Challenges of the Decision or Action

7. **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☑ Yes ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: Warden. R.C. Cheatham, Complex Warden - F.C.C. Coleman, Florida

(2) Date of filing: April 27, 2020

(3) Docket number, case number, or opinion number: 1016422-F1

(4) Result: Relief Denied

(5) Date of result: April 30, 2020

(6) Issues raised: Requested B.O.P. for Prior custody Credit as Nunc Pro Tunc designation.

(b) If you answered "No," explain why you did not appeal:

8. **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☑ Yes ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: B.O.P./Southeast Regional Office, 3800 Camp Cr. PKwy., Atlanta, Georgia 30331

(2) Date of filing: May 12, 2020

(3) Docket number, case number, or opinion number: 1016422-R1

(4) Result: Relief Denied

(5) Date of result: November 17, 2020

(6) Issues raised: Prior Custody Credit as Nunc Pro Tunc designation. From date of Arrest (August 25, 2009).

(b) If you answered "No," explain why you did not file a second appeal:

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☑ Yes ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: See Page 3, No. 6 - General Counsel

(2) Date of filing: January 11, 2021 (Initial Date),

(3) Docket number, case number, or opinion number: 1016422-A1

(4) Result: Reject/Had too many attachment sheets

(5) Date of result: February 06, 2021

(6) Issues raised: Nunc Pro Tunc Designation

(b) If you answered "No," explain why you did not file a third appeal:

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

❒ Yes ☒ No

If "Yes," answer the following:

(a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

❒ Yes ❒ No

If "Yes," provide:

(1) Name of court:

(2) Case number:

(3) Date of filing:

(4) Result: NA

(5) Date of result:

(6) Issues raised:

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

❒ Yes ❒ No

If "Yes," provide:

(1) Name of court:

(2) Case number:

(3) Date of filing:

(4) Result: NA

(5) Date of result:

(6) Issues raised:

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:

NA

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes ☑ No

If "Yes," provide:

(a) Date you were taken into immigration custody:

(b) Date of the removal or reinstatement order:

(c) Did you file an appeal with the Board of Immigration Appeals?

☐ Yes ☐ No

If "Yes," provide:

(1) Date of filing:

(2) Case number:

(3) Result: NA

(4) Date of result:

(5) Issues raised:

(d) Did you appeal the decision to the United States Court of Appeals?

☐ Yes ☐ No

If "Yes," provide:

(1) Name of court:

(2) Date of filing: NA

(3) Case number:

(4) Result:

(5) Date of result:

(6) Issues raised:

N A

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes ☑ No

If "Yes," provide:

(a) Kind of petition, motion, or application:

(b) Name of the authority, agency, or court:

(c) Date of filing:

(d) Docket number, case number, or opinion number:

(e) Result:

(f) Date of result:

(g) Issues raised:

N A

**Grounds for Your Challenge in This Petition**

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** The Federal Sentencing Court Nor The BOP Had The Authority To Run My Fed. Sentence Consecutive To My (Yet-To-Be-Imposed) State (Maryland) Sentence.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
The (then) Fourth Circuit Precedent Did Not Grant The District Court Authority To order That Its Sentence Run Consecutively To A Future Sentence. I Was Sentenced Prior To The Supreme's Court's (Setser-2012) Adverse Decision: I Was Sentenced 4 Month's Prior To Setser.

(b) Did you present Ground One in all appeals that were available to you?
☑ Yes ☐ No

**GROUND TWO:** The "Concept/Principal" of Primary Jurisdiction Can Not Superceed Circuit Court Precedent. BOP Was bound by 4th Cir. Mandate of (2006) on concurrent/Consecutive Sentence's to Yet-to-be-Imposed sentences.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
The BOP's "Memo" July 07, 2011, Relies On Their Own (Self Serving) "Memo" to Run Sentence's (All) Contrary To Individual Circuit(s) Split's. The BOP Could Not Do What The Federal District Court Was Powerless To Do - Run My Federal Sentence Consecutive To My (Yet-To-Be-Imposed) State Sentence.

(b) Did you present Ground Two in all appeals that were available to you?
☑ Yes ☐ No

**GROUND THREE:** The District Court Was Bound To Run My Fed. Sentence Concurrent With The Anticipated State Sentence.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
Under USSG Guideline's My State Sentence Had To Be Ran ~~Current~~ Concurrent To My Fed. Sentence. At The Time of My PSR + At Sentencing, My (Yet-To-Be-Imposed) State Case Was Relevant Conduct Taken Into Consideration As one of My 4 Predicate Offense's For Career Offender Status. The State (V.O.P.) Was From July 14, 2005. BOP Gave No Weight To State Courts (Subsequent) Consecutive Order. (11.29.11).

(b) Did you present Ground Three in all appeals that were available to you?
☑ Yes ☐ No

**GROUND FOUR:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?

❒ Yes ❒ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

**Request for Relief**

15. State exactly what you want the court to do: Issue An Order Directing The BOP To Designate My Sentence As Nunc Pro Tunc (Post) So That I May Receive All of My Prior custody Credit Relative To This Charge (August 25, 2009).

**Declaration Under Penalty Of Perjury**

If you are incarcerated, on what date did you place this petition in the prison mail system:

May 13, 2021

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: May 13, 2021

*Signature of Petitioner*

*Signature of Attorney or other authorized person, if any*

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

BP-9

**REQUEST FOR ADMINISTRATIVE REMEDY**

E

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Lomax, Mark, E. (LAST NAME, FIRST, MIDDLE INITIAL) 51198037 (REG. NO.) E-209 (UNIT) USP1-COP (INSTITUTION)

**Part A- INMATE REQUEST**

I am requesting the BOP to designate the past (11) year's that I was in MD. state custody as Nunc Pro Tunc--Post Decision, towards my Federal sentence? (Aug. 25, 2009)-Arrested The BOP failed to assume jurisdiction/custody of me when Maryland authorities Dismissed my charges in March-April-2010. The BOP further did Not assume custody when I was sentence (First) on my Federal Sentence (Nov. 08, 2011). It was the BOP's decision(s) to Force me to serve my State sentence first. The least they (BOP) can do is give me All of my credit for which I was Arrested And sentenced-No Matter Which Jurisdiction I served the time in. I was never informed of the DSCC decision until I filed my BP8. Thank You-Sincerely,

April 27, 2020 (DATE)

[signature] (SIGNATURE OF REQUESTER)

**Part B- RESPONSE**

See attached Response

RCVD APR 28 '20

DATE

WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**

CASE NUMBER: 1016422-F1

CASE NUMBER:

**Part C- RECEIPT**

Return to: LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT:

DATE

RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN

Printed on Recycled Paper

BP-229(13) APRIL 1982

BP-9

Institution Response to Administrative Remedy
Federal Correctional Institution- USP #1
Coleman, Florida

Administrative Remedy Number: 1016422-F1

Date Receipted: April 28, 2020

This is in response to your Request for Administrative Remedy 1016422-F1, in which you state the Bureau of Prisons (BOP) failed to assume custody of you while you were in Maryland State custody. You request the BOP designate the past eleven years that you were in State custody as Nunc Pro Tunc Post Decision, towards your Federal sentence.

An investigation into this matter was conducted which revealed on August 25, 2009, you were arrested and held in state custody in Baltimore, Maryland. The United States Marshal Service (USMS) borrowed you from state authorities under a Federal Writ on May 7, 2010, case number WVN-10-0145. You were sentenced in the U.S. District Court, Maryland, on November 8, 2011, receiving a sentence of 240 months. Because you were a primary State inmate, you returned to state authorities on June 13, 2011. You completed your state sentence on June 19, 2019 and remained in the custody of the USMS being held in county jail until June 23, 2019. Your Federal sentence began on June 24, 2019, at which time you became sole custody of the Federal government. Any time you spent in custody before June19, 2019, has been credited to your State sentence and cannot be awarded to your Federal sentence.

Prior custody time credit is controlled by 18 U.S.C. § 3585(b), and states, "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-- (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence."**

Your computation has been reviewed and audited by the Designation and Sentencing Computation Center (DSCC) as accurate.

Therefore, your Request for Administrative Remedy is **denied.** If you are dissatisfied with this response, you may appeal by filing a BP-10 to the Bureau of Prisons, Southeast Regional Office, Attn: Regional Director, 3800 Camp Creek Parkway, SW, Building 2000, Atlanta, GA 30331-6226, within 20 calendar days from the date of this response.

R. C. Cheatham, Complex Warden

4/30/2020
Date

This response was delivered by my unit team on 5/5/, 2020.

Inmate Signature

Staff Signature

U.S. Department of Justice

BP-10

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Lomax, Mark E. (LAST NAME, FIRST, MIDDLE INITIAL) 51198037 (REG. NO.) E-209 (UNIT) USP1-COP (INSTITUTION)

Part A - REASON FOR APPEAL The Warden's/DSCC's response relies on two points of Authority for their Denial. The Concept of Primary Jurisdiction and § 3585(b) - Double Credit prohibition. Neither (Warden/DSCC) addressed my assertion that the State of Maryland did in fact Relinquished Jurisdiction in April, 2010 (Satisfaction of State Obligation - Dismissed All State Charges), so the Feds. may Indict on its Warrant. The May 10, 2010, Writ should have the Marshall's assuming custody pursuant to their (Mar. 29, 2010) Outstanding Detainer with Balto. City Jail? I never left State custody!

May 12, 2020 (DATE) Pg. 1 of 2 [signature] (SIGNATURE OF REQUESTER)

**Part B - RESPONSE**

RECEIVED MAY 26 2020 REGIONAL COUNSEL'S OFFICE-SERO BUREAU OF PRISONS

DATE REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE CASE NUMBER: 1016422-R1

**Part C - RECEIPT**

CASE NUMBER:

Return to: LAST NAME, FIRST, MIDDLE INITIAL REG. NO. UNIT INSTITUTION

SUBJECT:

DATE SIGNATURE, RECIPIENT OF REGIONAL APPEAL

Cont'd BP 10

Pp. 2 of 2

'Interaction of Federal And State Sentences When The Federal Defendant Is Under State Primary Jurisdiction' - hereinafter the 'Memo'. July 2011: The BOP can Not cite Primary (State) custody when MD dismissed All the charge's in April, 2010. What prevented the Marshall's/BOP from assuming Jurisdiction/custody - pursant to their Detainer - of me? This question is pivital as well as critical to why the Feds. failed to act. And I have a right to have this answered?

Everything regarding the BOP's 'Memo' works to my favor: Nunc Pro Tunc Desgn.

1) State of MD relinquished primary custody;

2) I was sentenced (concurrently) on my Fed. time first - before any State sentence (Nov. 08, 2011 / Nov. 29, 2011) respectively;

3) Time of sentencing, my Circuit's - 4th, was against running a Fed. sentence consecutive to yet-to-be imposed State sentence, (U.S. v. Smith, 472 F.3d 222 (4th Cir. 2006);

4) There are exception's to the double credit rule. This is one of them.

May 12, 2020 [signature]

BP-10

Regional Administrative Remedy Appeal No. 1016422-R1
Part B - Response

This is in response to your Regional Administrative Remedy Appeal receipted May 26, 2020. You are appealing the Warden's response to your Institution Administrative Remedy, wherein you seek to be granted a nunc pro tunc designation. You contest the U. S. Marshal Service (USMS)/Federal Bureau of Prisons (BOP) failed to act pursuant to the outstanding federal detainer. As relief, you request to be awarded jail credit for time spent in state custody by requesting a nunc pro tunc designation.

At the time of your arrest for the charges relating to your instant offense, you were also on Probation, as such, primary jurisdiction belonged to the State of Baltimore. The local charges were ultimately dismissed, however; your Probation Violation was still unresolved. The Probation Violation had to be resolved prior to relinquishing custody to federal authorities. As a matter of principle, primary custody is relinquished by the following methods: the court sets bail/bond; state charges are dismissed or nolle prossed; offender is allowed to voluntary surrender; offender is placed on probation; offender escapes or fails to voluntary surrender; offender is lawfully released from confinement.

The Designation & Sentence Computation Center (DSCC) reviewed your request for a nunc pro tunc designation pursuant to a ruling under Barden v. Keohane, 921 F. 2d 476 (3rd Cir. 1990). The DSCC denied your request referencing Mangum v. Hallembaek, 910 F.3d 770 (4th Cir. 2018) ("Mangum II"), a district court judge in the 4th Circuit did not have the authority to impose a sentence to be served consecutively to a yet-to-be-imposed state. Your case was reviewed consistent with the Mangum II decision regarding sentences imposed in the 4th Circuit, and the views expressed in the 4th Circuit opinion.

Accordingly, your Administrative Remedy Appeal is denied. If dissatisfied with this response, you may appeal to the Office of General Counsel, Bureau of Prisons, 320 First Street, NW, Washington, D.C. 20534. Your appeal must be received in the Office of the General Counsel within 30 calendar days of the date of this response.

11/17/2020
Date

[signature]
Regional Director, SERO

* Be advised that I did Not receive this decision Until December 28, 2020, My Unit Counselor, Mr. Jones slid it under my door that Monday (12.28.2020). Thank You! [signature]
* Due To Covid-19 Delay's *

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: FEBRUARY 6, 2021

FROM: ADMINISTRATIVE REMEDY COORDINATOR
CENTRAL OFFICE

TO : MARK LOMAX, 51198-037
COLEMAN I USP UNT: E/F QTR: E01-123U
P.O. BOX 1023
COLEMAN, FL 33521

FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.

REMEDY ID : 1016422-A1 CENTRAL OFFICE APPEAL
DATE RECEIVED : JANUARY 26, 2021
SUBJECT 1 : OTHER SENTENCE COMPUTATION
SUBJECT 2 :
INCIDENT RPT NO:

REJECT REASON 1: YOU MAY ONLY SUBMIT ONE CONTINUATION PAGE, EQUIV. OF ONE LETTER-SIZE (8.5 X 11) PAPER. TEXT ON ONE SIDE. THE TEXT MUST BE LEGIBLE.

REJECT REASON 2: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN 15 DAYS OF THE DATE OF THIS REJECTION NOTICE.

REJECT REASON 3: SEE REMARKS.

REMARKS : CUT TWO PAGE CONTINUATION PAGES TO ONLY ONE PAGE.

Resubmitted
03 03, 21

COP
RCVD FEB 19 '21
Y. Burkes

Rec'd 02.24.21

U.S. Department of Justice

Federal Bureau of Prisons

BP-11

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: Lomax, Mark E. (LAST NAME, FIRST, MIDDLE INITIAL) #51198037 (REG. NO.) E-123 (UNIT) USP 1-COP (INSTITUTION)

**Part A - REASON FOR APPEAL** For the following reason's the B.O.P. must designate my prior custody credit (11½ year's) Nunc Pro Tunc: ① USSG § 5G1.3(b) required Concurrent sentence's wherein the "undischarged term of imprisonment has been fully taken into account in the determination of the offense level for the Instant offense... same conduct, course of conduct & relevant conduct". The State V.O. Probation was used as one of the Four (4) prior robberies (July 2005) to Enhance me as a Career Offender (See P.S.R. + Sentencing Transcript 11.08.2011). ② At the time of my sentencing (Nov. 08, 2011), under 4th Cir. Precedent (U.S. v. Smith, 472 F. 3d 222 (2006))), the Federal sentencing court could Not order a Federal sentence to run consecutive to a yet-to-be imposed State Sentence. ③ Under Current 4th Cir. Prece-

March 03, 2021 (DATE) Pp. 1 of 2 [signature] (SIGNATURE OF REQUESTER)

**Part B - RESPONSE**

DATE

GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE

CASE NUMBER:

**Part C - RECEIPT**

CASE NUMBER:

Return to: LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT:

BP-11

Pp. 2 of 2

dent (Mangum v. Hallembaek, 910 F.3d 770 (2018))), the Federal sentencing Court nor the B.O.P. can order Consecutive service of the Federal sentence with a yet-to-be imposed State sentence. (4) The Federal Court's nor the B.O.P.'s thought's + feeling's are irrelevant if they contradict circuit court precedent(s) on Sentencing Imposition - (3584). (5) The B.O.P. must give the State sentencing Court's Order(s) just consideration when determining concurrent vs. consecutive sentence's - My State judge (subsequently) ran my 15 years V.O.P. Consecutive to my Federal Sentence. (Nov. 29, 2011) The B.O.P. absolutely disregarded that order. (6) The Mangum court had to Compel the B.O.P. to comply with its Order's and Opinion's in Favor of the Defendant. Furthermore, the Concept/Principle of Primary Jurisdiction is irrelevant as the B.O.P. seeks to superimpose such on the clearly established Precedent(s) Rules of Court's; May the B.O.P. begin my sentence from August 25, 2009 as Nunc Pro Tunc.

[signature]

March 03, 2021

Mr. Mark Lomax #51198037
Federal Correctional Complex - USP 1
P.O. Box 1033
Coleman, Florida 33521




Honorable Clerk's office,
Golden Collum Federal Building
United States Courthouse
207 Northwest Second St., Suite 337
Ocala, Florida 34475-6603

SCREENED
By USMS